# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION

FILED

January 29, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9802-CC-00087 |
| Appellant, | ) | |
| | ) | MONTGOMERY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN H. GASAWAY, III, |
| MICHAEL K. CLARK, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (State Appeal --- DUI, Reckless Driving, Refusal to Submit to Blood Alcohol Test, and Driving on Revoked License) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN YACUZZO**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN  37243-0493

**JOHN W. CARNEY**
District Attorney General

**LANCE A. BAKER**
Asst. District Attorney General
204 Franklin St., Suite 300
Clarksville, TN 37040

**MICHAEL JONES**
District Public Defender

**CHARLES S. BLOODWORTH**
Asst. District Public Defender
109 S. Second St.
Clarksville, TN 37040


OPINION FILED:_____



**REMANDED FOR FURTHER FINDINGS**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was charged by indictment with driving while under the influence (DUI), reckless driving, refusing to submit to a blood alcohol test, and driving on a revoked license. He moved to dismiss the charges on the basis that the police authorities made an unlawful traffic stop. Following a hearing, the trial court granted the defendant's motion and dismissed the indictment. The State now appeals. The sole issue on appeal is whether the trial court properly dismissed the indictment. We remand the case for further findings from the trial court.

On August 31, 1997, Officer Shane Dortch of the Clarksville Police Department received a radio dispatch call to respond to the area of Five Points Market. Apparently, a citizen had complained to the police department that four "very intoxicated" people were in a 1978 Oldsmobile vehicle near the store. When Officer Dortch responded to the radio dispatch call, he saw the Oldsmobile in the store parking lot. As the Oldsmobile left the store parking lot, Officer Dortch followed it. Approximately two-tenths of one mile away, Officer Dortch stopped the Oldsmobile and arrested the defendant, who was driving. On the arrest warrant, the only reason Officer Dortch gave for stopping the defendant's car was that a complaint of four "very intoxicated" individuals in a 1978 Oldsmobile had been received.

At the hearing on the motion to dismiss, Officer Dortch testified that after he stopped the defendant's car, he arrested the defendant because he smelled strongly of alcohol and was unsteady on his feet. When asked why he decided to stop the Oldsmobile in the first place, Officer Dortch replied that he had observed the defendant commit two traffic violations---i.e., driving twenty-four to twenty-six miles per hour in a twenty-mile-per-hour zone and turning right onto another street without signaling---and that he had suspected the defendant of DUI because of the complaint received. When

2

asked why the warrant reflected only that the defendant was arrested based on a citizen's complaint, he replied that he only put on the warrant what he believed was necessary for establishing probable cause. Officer Dortch admitted that he had never written a speeding ticket for somebody driving four to six miles over the speed limit. He also admitted that had it not been for the radio broadcast he received from dispatch, he probably would not have stopped the defendant's car since he was not in the area at the time.

Following arguments, the trial court granted the defendant's motion to dismiss, stating as follows:

> A police officer may make an investigatory stop when the officer has a reasonable suspicion supported by specific and articulable facts that a criminal offense has been or is about to be committed.
>
> An investigatory stop may be based upon information contained in a police radio broadcast issued by a law enforcement agency. It is not necessary that the officer making the investigatory stop have personal knowledge of the facts contained in the radio broadcast, but the prosecution does have the burden of establishing by a preponderance of the evidence that the person or agency that's responsible for the broadcast did have specific and articulable facts that a criminal offense had been or was about to be committed.
>
> In order to determine whether a police officer's reasonable suspicion is supported by specific and articulable facts, the Court must consider the totality of the circumstances. Based on the evidence before me, the Court finds that Officer Dortch received a radio broadcast from his dispatch, that there was a specific vehicle with four occupants in it who were intoxicated.
>
> He went to the location given to him and saw the car and followed it and stopped it. The warrants that he swore to indicate that he stopped the vehicle because of the information that he had received. His testimony is that the vehicle he observed may have been speeding by going some 24 miles an hour in a 20 mile zone, and that he remembers that it did not make a turn signal.
>
> When asked if he would have stopped the vehicle had it not been for the broadcast over the radio, he quite candidly indicted [sic] probably not. The standard that the Court has to apply is whether or not the State has met its burden of establishing by a preponderance of the evidence that it's more likely than not.
>
> In this particular case, considering all of the facts and circumstances, the Court believes that the weight of the evidence supports the Defendant's contention that the stop was made because of the broadcast. . . .

3

In a situation like that, you need to get behind the car and follow it, and see if there's anything that independently alerts the officer so that he can stop based on that person's observation.

The motion is granted.

The temporary detention of individuals during the stop of a vehicle by police constitutes a "seizure" under the meaning of the Fourth Amendment of the United States Constitution and article 1, section 7 of the Tennessee Constitution. Whren v. United States, 517 U.S. 806 (1996); State v. Vineyard, 958 S.W.2d 730 (Tenn. 1997). The stop of a vehicle, however, "is constitutionally reasonable, under both the state and federal constitutions, if the police have probable cause or reasonable suspicion to believe that a traffic violation has occurred . . . despite the subjective motivation of the police officer making the stop." Vineyard, 958 S.W.2d at 734 (citing Whren, 517 U.S. at [813], 116 S. Ct. at 1774)(footnote omitted).

The record indicates that the trial court did not apply the proper legal standard in this case. Contrary to the trial court's statement, it was not necessary for the State to prove that the person or agency responsible for the radio broadcast had specific and articulable facts that a criminal offense had been or was about to be committed. Neither was the State required to prove that it was more likely than not that Officer Dortch would have stopped the defendant's car had it not been for the radio broadcast. Rather, the dispositive inquiry in this case is whether Officer Dortch had probable cause independent of the information in the radio broadcast to stop the defendant's car. Whren, 517 U.S. at 819; Vineyard, 958 S.W.2d at 734. Under Whren and Vineyard, it is irrelevant whether subjectively, Officer Dortch was motivated to stop the defendant's car because of the radio broadcast as long as objectively, probable cause to stop the defendant's car existed. Whren, 517 U.S. at 813-17; Vineyard, 958 S.W.2d at 734.

Despite the fact that the warrant shows the defendant was arrested only

4

because of a citizen's complaint, Officer Dortch testified that he observed the defendant traveling four to six miles over the twenty-mile-per-hour speed limit and turning right onto another street without signaling, both of which are actions that would justify a traffic citation. See T.C.A. §§ 55-8-103, -143, -152. If Officer Dortch's testimony that he witnessed two traffic violations is believed, he had probable cause to stop the defendant's car, independent of his subjective suspicions that the defendant was driving while intoxicated, and thus, the stop must be deemed legal. Whren, 517 U.S. at 813-17; Vineyard, 958 S.W.2d at 734. If Officer Dortch's testimony is not believed, however, then the only evidence of why the defendant's car was stopped is the warrant, which cites only the citizen's complaint, and thus, the stop must be deemed illegal.

Unfortunately, we cannot discern from the record whether the trial court gave credence to Officer Dortch's testimony that he observed two traffic infractions. Accordingly, we remand to allow the trial judge to make specific findings on the record regarding whether Officer Dortch saw the defendant commit any traffic infractions. These findings will determine whether, in fact, Officer Dortch had probable cause to stop the defendant's car, which in turn will dictate the disposition of this case. Once these findings are made, the clerk is ordered to supplement the record with these findings for our further review.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
JERRY L. SMITH, Judge

5